## IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CORTEZ D. GILLUM, </br></br> Petitioner, </br></br> vs. </br></br> A. SHERROD, </br></br> Respondent. | ) </br> ) </br> ) </br> ) </br> ) CIVIL NO. 08-cv-335-MJR </br> ) </br> ) </br> ) </br> ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

This cause is before the Court on Petitioner's motion to proceed *in forma pauperis*. Petitioner, an inmate in the Federal Correctional Institution in Greenville, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge a portion of his sentence stemming from his 2002 conviction in the United States District Court for the Central District of Illinois. *United States v. Gillum*, Case No. 02-cr-30011-JES (C.D. Ill., filed Feb. 7, 2002), *aff'd* 62 Fed.Appx. 654 (7th Cir. 2003).

Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that Petitioner is not entitled to relief, and the petition must be dismissed.

Normally a person may challenge his federal conviction and sentence only by means of a motion brought before the sentencing court pursuant to 28 U.S.C. § 2255, and this remedy usually supersedes the writ of habeas corpus. A Section 2241 petition by a federal prisoner is generally limited to challenges to the execution of the sentence. *Valona v. United States,* 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt,* 951 F.2d 126, 129 (7th Cir. 1991). *See also Waletski v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994) ("prisoner who challenges his federal conviction or sentence cannot use [§ 2241] at all but instead must proceed under 28 U.S.C. § 2255."). However, a petition challenging the conviction may be brought pursuant to 28 U.S.C. § 2241 if the remedy provided by 28 U.S.C. § 2255 is inadequate or ineffective.

It appears that Petitioner never sought relief under § 2255, and his conviction has long been final. However, the fact that Petitioner may be barred from bringing a section 2255 petition is not, in itself, sufficient to render it an inadequate remedy. *In re Davenport,* 147 F.3d 605, 609-10 (7th Cir. 1998) (§ 2255 limitation on filing successive motions does not render it an inadequate remedy for a prisoner who had filed a prior Section 2255 motion). Further, "[f]ailure to comply with the requirements of the § 2255 statute of limitations is not what Congress meant when it spoke of the remedies being 'inadequate or ineffective to test the legality of his detention.'" *Montenegro v. U.S.*, 248 F.3d 585 (7th Cir. 2001), *overruled on other grounds*, *Ashley v. United States*, 266 F.3d 671 (7th Cir. 2001).[1] *See also Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000) ("Neither will a claim of procedural bar suffice to demonstrate that section 2255 relief is inadequate or ineffective."); *United States v. Barrett*, 178 F.3d 34, 49-50 (1st Cir. 1999), *cert. denied*, 528 U.S. 1176 (2000); *Triestman*

---

[1] *Ashley* overruled only Part III of *Montenegro*. *Ashley* held that a decision that a right initially recognized by Supreme Court is retroactively applicable to cases on collateral review, as will begin one-year limitations period under Antiterrorism and Effective Death Penalty Act (AEDPA), can be made by a Court of Appeals or a district court, as well as by Supreme Court. *Ashley*, 266 F.3d at 674.

*v. United States*, 124 F.3d 361, 376 (2d Cir. 1997) (noting that section 2255's substantive and procedural barriers by themselves do not establish that section 2255 is inadequate or ineffective); *In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997). Instead, a petitioner under Section 2241 must demonstrate the inability of a Section 2255 motion to cure the defect in the conviction.

In *Davenport*, the Seventh Circuit considered the meaning of "inadequacy" for purposes of § 2255. The Circuit stated that "[a] procedure for post-conviction relief can fairly be termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as **having been imprisoned for a nonexistent offense**." *Davenport,* 147 F.3d at 611 (emphasis added).

> Every court that has addressed the matter has held that § 2255 is "inadequate or ineffective" only when a structural problem in § 2255 forecloses even one round of effective collateral review – and then only when as in *Davenport* the claim being foreclosed is one of actual innocence. *See, e.g., Cradle v. United States ex rel. Miner*, 290 F.3d 536, 538-39 (3d Cir. 2002); *In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000); *Reyes-Requena v. United States*, 243 F.3d 893, 902-03 (5th Cir. 2001); *United States v. Peterman*, 249 F.3d 458, 462 (6th Cir. 2001); *Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999).

*Taylor v. Gilkey*, 314 F.3d 832 ,835-36 (7th Cir. 2002).

When, then, may a petitioner successfully argue that he is "actually innocent" under *Davenport*? The Seventh Circuit recently clarified this standard, stating that "actual innocence" is established when a petitioner can "admit everything charged in [the] indictment, but the conduct no longer amount[s] to a crime under the statutes (as correctly understood)." *Kramer v. Olson*, 347 F.3d 214, 218 (7th Cir. 2003).

Such is not the case here. Petitioner does not suggest that the charged conduct is no longer a crime. To the contrary, Petitioner asserts that the Court made unwarranted findings that resulted

in a four-level enhancement to his sentence.[2]  He relies on a November 2000 ruling of the U.S. Sentencing Commission as basis for his claim, but clearly that ruling was in effect long before his current sentence was imposed.

Therefore, Section 2241 cannot provide Petitioner with the desired relief.  This action is summarily **DISMISSED** with prejudice, and all pending motions are **MOOT**.

**IT IS SO ORDERED.**

**DATED this 9th day of March, 2009.**

<u>**s/ Michael J. Reagan**</u>
**MICHAEL J. REAGAN**
**United States District Judge**

---

[2]  The Court notes that Petitioner has persisted in raising this argument in several motions filed in the Central District criminal case, but he has been unsuccessful.